IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM F. DAVIS, III,

Plaintiff,

v.

Civ. No. 08-869-SLR

CORPORAL DANIEL BARETT, CORRECTIONAL MEDICAL SERVICES, SERGEANT HUGHES, CORRECTIONAL OFFICER LINDSEY, NURSE BEN ABIONA, C/O WHITE, and CRYSTEL E. HEATH,

Defendants.

**MEMORANDUM ORDER**

At Wilmington this 15th day of January, 2009, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff may proceed with a failure to protect claim against defendant Cpl. Daniel Barett ("Barett") and medical/mental health needs claims against defendants Correctional Medical Services ("CMS"), nurse Ben Abiona ("Abiona), and Crystal E. Heath ("Heath") and that all other claims are dismissed are dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff William F. Davis, III, Jr., ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Plaintiff alleges that defendants failed to protect him from harm on several occasions. The first, in early December 2006, when he was assaulted by inmate Boyer. The second, on December 1, 2007, when he was assaulted by inmate Miller ("Miller"), an inmate who has mental health issues. And, the third on January 14, 2008, when he was assaulted by inmate Silvils. Plaintiff alleges that he suffers from

bipolar disorder, depression and has an anti-social personality disorder, but had to leave the special needs unit program because it was unsafe.

6. Plaintiff alleges that Barett has been harassing him for "a long time." During August or September 2006 there was an incident with a broken fan involving plaintiff and inmate Boyer ("Boyer"). Plaintiff alleges that Barett was aware of the incident. He further alleges that he asked Barett to move him because Boyer was angry over the broken fan and was known to be violent. Plaintiff was assaulted by Boyer on December 2, 2006. Plaintiff alleges that after the assault, he was seen by Abiona, who ordered an x-ray. The x-ray indicated that plaintiff sustained a nasal bone fracture, but he was not given follow-up medical treatment by defendants Abiona or CMS.

7. With regard to the assault by Miller, plaintiff alleges that he and Miller had a dispute over who was making noise in the housing unit. When C/O White ("White") arrived for his shift, he asked plaintiff if there was a problem because he had been told plaintiff and Miller had a verbal altercation. Plaintiff told White he was tired of inmates asking who was making noise and asked White to be moved to a different cell. Later, Miller came into plaintiff's cell and assaulted him. Plaintiff alleges that defendants White, CMS, and Heath, a mental health counselor, should not have left Miller unsupervised because he came from a very high security unit and placed plaintiff at a risk of assault. Exhibits indicate that VCC policies were changed after plaintiff was assaulted.

8. On January 14, 2008, plaintiff Silvils, who had been hearing voices, attempted to hit plaintiff. At the time C/O Hughes ("Hughes") and C/O Lindsey ("Lindsey") were on

duty and plaintiff unsuccessfully attempted to locate them. After this attempt, Silvils assaulted plaintiff. Plaintiff took Silvils to the front of the tier and, again, Hughes and Lindsey were not there. Plaintiff alleges that Heath knew Silvils was hearing voices and was disruptive. He alleges that CMS had a duty to monitor supervisory personnel to ensure adequate mental health care and safety. He alleges that defendants Heath, Hughes, Lindsey, and CMS ignored and disregarded the risk of harm to him. He also alleges that Heath and CMS' policy and practice regarding routine placement of severely mentally disturbed inmates fails to protect other inmates. Finally, plaintiff alleges that he suffered physical injury and emotional and mental distress because of the actions of Heath and CMS' lack of responsibility to monitor and change its policies.

9. **Failure to Protect**. To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Griffin v. DeRosa*, 153 Fed. Appx. 851 (3d Cir. 2005).

10. To establish deliberate indifference, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. *See id.* at 837; *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of

the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). Knowledge may be shown where the official has actual notice of the risk, *Nami v. Fauver*, 82 F.3d 63, 67-68 (3d Cir. 1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 842.

11. With regard to Barett, plaintiff alleges that Boyd was known to be violent, that Barett was aware of the problems between Boyd and plaintiff, and that plaintiff has requested he be moved away from Boyd. Liberally construing the complaint, the court finds that plaintiff had adequately alleged a failure to protect claim against Barett.

12. The allegations as to the remaining defendants fail to allege failure to protect claims. White was only aware that plaintiff and Miller had a verbal dispute, and when plaintiff complained it was only that he was tire of inmates making noise and requested he be moved. Even though Miller had previously been housed in a higher security unit, there are no allegations that White knew or should have known that plaintiff would be assaulted by Miller and that White ignored that risk.

13. Nor do the allegations against defendants Hughes, Lindsey, CMS, and Heath rise to the level of a constitutional violation for failure to protect. Plaintiff alleges that, although Hughes and Lindsey were on duty, he could not locate them either before of after he was assaulted by Silvils. Plaintiff alleges that Heath knew Silvils was hearing voices and was disruptive and that CMS had a duty to monitor supervisory personnel to

ensure adequate mental health care and safety. Again, there are no allegations that any of these defendants knew or should have known that plaintiff would be assaulted by Silvils and that they ignored that risk. In the case at bar, the complaint fails to indicate that the December 1, 2007 and January 14, 2008 incidents were caused by deliberate indifference on the part of the officials. Plaintiff's allegations fail to state cognizable Eighth Amendment failure-to-protect claims against defendants White, Hughes, Lindsey, CMS, and Heath. Therefore, the claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The only claims against White, Hughes, and Lindsey are the failure-to-protect claims and they are dismissed as defendants.

14. **Conclusion**. Plaintiff will be allowed to proceed with his excessive force claim against Cpl. Daniel Barett and medical/mental needs claim against defendants Correctional Medical Services, nurse Ben Abiona, and counselor Crystal E. Heath. All remaining claims are dismissed are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of the Court **original** "U.S. Marshal-285" forms for **remaining defendants Cpl. Daniel Barett, Correctional Medical Services, Ben Abiona, and Crystal E. Heath**, as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). Plaintiff has provided the court with copies of the complaint (D.I.

2) for service upon the remaining defendants. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. **Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the chief deputy attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s)and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2) .

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE