IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONAL MEDICAL ) <br> SERVICES, SERGEANT HUGHS, and ) <br> CORRECTIONAL OFFICER LINDSEY, ) <br> ) <br> Defendants. ) | Civ. No. 08-869-SLR |

**MEMORANDUM ORDER**

At Wilmington this 4th day of March, 2010, having considered the pending motions and the papers submitted in connection therewith;

IT IS ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint to add claims against Ronald Hosterman (D.I. 17) is granted, there being no evidence of undue delay, futility, bad faith, dilatory motive or undue prejudice to defendants. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of the Court original "U.S. Marshal-285" forms for defendant Ronald Hosterman, as well as the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. §

3103(c). Plaintiff has provided the court with a copy of the amendment. (D.I. 17) Plaintiff is notified that the United States Marshal will not serve the complaint until all the "U.S. Marshal 285" forms have been received by the Clerk of the Court. **Failure to provide the "U.S. Marshal 285" forms defendant Hosterman and the chief deputy attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are

sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

IT IS FURTHER ORDERED that:

7. Plaintiff's request to voluntarily withdraw his: (1) motion for an extension of time (D.I. 25); motion for leave to file an amended complaint (D.I. 27); and motion for leave to file an amended complaint (D.I. 30) are granted with prejudice.[1]

8. The scheduling order is amended as follows:

    a. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before April 19, 2010.[2]

    b. **Application by Motion.** Any application to the Court shall be by written motion filed with the Court. Unless otherwise requested by the Court, the parties shall not deliver copies of papers or correspondence to Chambers.

    c. **Summary Judgment Motions.**[3] All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed

---

[1]This is plaintiff's second request to voluntarily withdraw: On July 14, 2009, plaintiff requested that his claims against defendant Barrett be dismissed; however, on September 10, 2009, plaintiff moved to amend the complaint to add Barrett. (D.I. 24; D.I. 27)

[2]In light of the amendment to the complaint and entry of a new scheduling order, plaintiff's motion to compel (D.I. 30) is denied without prejudice to renew.

[3]Accordingly, plaintiff's motion for summary judgment (D.I. 31) is denied without prejudice to renew at the close of discovery, consistent with the scheduling order.

on or before May 19, 2010.  Answering briefs and affidavits, if any, shall be filed on or before June 21, 2010.  Reply briefs shall be filed on or before July 8, 2010.

    5.  Defendants' request for a teleconference (D.I. 38) is denied as moot.

_____
United States District Judge